Receipt Number

542944

45

*a* 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENIE TAYLOR,

        Plaintiff,

vs.

GREAT LAKES WASTE SERVICES d/b/a
ALLIED, INC. and LISA PERRY

        Defendants.

Case: 2:06-cv-12312
Assigned To: Friedman, Bernard A
Referral Judge: Majzoub, Mona K
Filed: 05-22-2006 At 03:04 PM
REM TAYLOR V. BFI WASTE SYSTEMS OF
N. AMERICA (TAM)

| | |
|---|---|
| Scott E. Combs (P37554) | John A. Libby (P33641) |
| Law Offices of Scott E. Combs | Law Offices of John A. Libby. P.C. |
| Attorney for Plaintiff | Attorney for Defendants |
| 27780 Novi Road, Suite 105 | 3150 Livernois, Suite 118 |
| Novi, MI 48377 | Troy, MI 48083 |
| (248) 380-5050 | (248) 619-1734 |

NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:    THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN,
SOUTHERN DIVISION

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446,

Defendants Lisa Perry and BFI Waste Systems of North America, Inc. d/b/a Great Lakes

Waste Services, hereby remove to this Court the above-styled action from the State of

Michigan, Oakland County Circuit Court. In support of removal, Defendants state as

follows;

      1.    On or about March 13, 2006, Plaintiff Genie Taylor filed a complaint in the

State of Michigan, Oakland County Circuit Court, against Defendants Lisa

Perry ("Perry") and BFI Waste Systems of North America, Inc. d/b/a Great

Lakes Waste Services ("GLWS"),[1] bearing Case No. 06-073095-NZ

("Oakland Circuit Court Action").

2.  On or about May 5, 2006, plintiff served copies of a summons and complaint,

interrogatories, requests for production and notices of depositions on

defendants by certified mail.

3.  Plaintiff's complaint in the Oakland Circuit Court Action alleges Violation of

the Family Medical Leave Act, 29 USC § 2601 et seq. and Age Discrimination

under the Michigan Elliott-Larsen Civil Rights Act, MCLA §§ 37.2101 et seq

Copies of plaintiff's summons, complaint and other pleadings served upon

defendants are attached as Exhibit 1.

4.  Federal question jurisdiction exists over plaintiff's FMLA claim under 28 USC §

1331 because that claim arises under the laws of the United States.  Pendent

jurisdiction exists over plaintiff's age discrimination claim under 28 USC §

1367 because it forms part of the same case or controversy under Article III of

the United Sates Constitution.

5.  The notice of removal is timely in that it has been filed and served within 30

---

[1]  In her complaint, plaintiff identified the corporate defendant as Great Lakes Waste Services d/b/a Allied, Inc.  In fact, BFI Waste Systems of North America, Inc. employed plaintiff at all relevant times. During that period it operated under the assumed name of Great Lakes Waste Services.  BFI Waste Systems of North America, Inc. is a wholly-owned indirect subsidiary of Allied Waste Industries, Inc. which is a publicly traded company on the New York Stock exchange. Allied, Inc. is not an assumed name used by any company that is a parent, subsidiary or affiliate of BFI Waste Systems of North America, Inc.

2

days of service of the summons and complaint on defendants in the Oakland Circuit Court Action.

6.  Removal jurisdiction therefore existed under 28 U.S.C. § 1441.

7.  Venue is proper in this Court under 28 U.S.C. § 1391 because all of the alleged events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

8.  All defendants have removed so that the requirements of 28 U.S.C. § 1446 (a) are met.

9.  At present, there is no other process, pleading or order to attach as required by 28 U.S.C. § 1446(a).

10. Defendants have promptly, as of this date, filed a copy of this Notice of Removal with the Clerk of the Circuit Court for the County of Oakland, State of Michigan, and will serve a copy of this Notice of Removal on counsel for Plaintiff.

Respectively submitted,

LAW OFFICES OF JOHN A. LIBBY, P.C..

BY: _____

John A. Libby (P33647)
Attorney for Defendants
3150 Livernois, Suite 118
Troy, MI 48084
(248) 619-1734

Dated: May 22, 2006

3



STATE OF MICHIGAN

Original - Court    1st copy - Defendant    2nd copy - Plaintiff    3rd copy - Return

06-073095-N2

**JUDICIAL DISTRICT**

6th **JUDICIAL CIRCUIT**

SUMMONS AND COMPLAINT

Court Address
1200 N Telegraph Rd, Pontiac MI 48341

JUDGE RAE LEE CHABOT
TAYLOR, GENIE, V GREAT LAKES W

Plaintiff name(s), address(es) and telephone no(s).
GENIE TAYLOR

Plaintiff attorney, bar no., address, and telephone no.
SCOTT E COMBS P 37554
27780 NOVI RD
SUITE 105
NOVI MI 48377
248 380-5050

V

Defendant name(s), address(es), and telephone no(s).
LISA PERRY
c/o Great Lakes WasteServices
1633 Highwood West
Pontiac, MI 48340

**SUMMONS: NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| MAR 13 2006 | JUN 12 2006 | RUTH JOHNSON |

*This summons is invalid unless served on or before its expiration date.*

**COMPLAINT Instruction:** *The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court. The docket number and assigned judge are:

This action __ remains __ is no longer pending.

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

*(Name of court)*

**General Civil Cases:**

_X_ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint.

__ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____. The docket number and assigned judge are:

*(Name of court)*

This action __ remains __ is no longer pending.

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

Plaintiff(s) residence (include city, township, or village)
OAKLAND COUNTY, MICHIGAN

Defendant(s) residence (include city, township, or village)
OAKLAND COUNTY, MICHIGAN

Place where action arose or business conducted
OAKLAND COUNTY, MICHIGAN

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____

Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

MC 01 (9/98) SUMMONS AND COMPLAINT

MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a),(b)



PROOF OF SERVICE

| SUMMONS AND COMPLAINT |
| Case No. 06          NZ |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| _ OFFICER CERTIFICATE | OR | _ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: [notary not required] | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: [notary required] |

_ I served personally a copy of the summons and complaint,
_ I served by registered or certified mail (copy of return receipt attached)
together with _____ on the defendant(s):
Attachment

a copy of the summons and complaint,

| Name(s). | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

_ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

_____

I have made the following efforts in attempting to serve process: _____

_____

_ I    have    personally    attempted    to    serve    the    summons    and    complaint,    together    with
Attachment

at _____ and have been unable to complete service because
Address
the address was incorrect at the time of filing.

| Service fee | Miles Traveled | Mileage fee | Total fee | |
|---|---|---|---|---|
| $ | | $ | $ | Signature _____ |

Title _____

Subscribed and sworn to before me on _____ County, Michigan.
Date
My    commission    expires: _____
Date                              Deputy court clerk/Notary public

Signature: _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint and required fees, if any, together with:

_____
Attachment _____ on _____
Day, date, time

_____ on behalf of _____
Signature
MCR

2.105



06-073095-NZ

JUDGE RAE LEE CHABOT
TAYLOR,GENIE, V GREAT LAKES

STATE OF MICHIGAN

RECEIVED FOR FILING
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

2006 MAR 13  A 11: 33

GENIE TAYLOR,     OAKLAND COUNTY CLERK

    Plaintiff,     BY: _____
             DEPUTY COUNTY CLERK

-vs-

Case No. 06          NZ

HON.

GREAT LAKES WASTE SERVICES d/b/a ALLIED, INC.
and LISA PERRY,

    Defendants.

_____/

SCOTT E. COMBS P37554
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi Mi 48377
248/380-5050

_____/

## COMPLAINT AND JURY DEMAND

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, or do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

NOW COMES the Plaintiff GENIE TAYLOR by and through her attorney SCOTT E. COMBS, and for her Complaint against the above-named Defendants, state to this Honorable Court as follows:

## JURISDICTION AND PARTIES

1.      This cause of action arises out of the actual and/or constructive discharge of Plaintiff, is an action for age discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq., and the common law of the State of Michigan, and a claim for violation of the FMLA of 1993 (FMLA), 29 U.S.C. § 2601, et seq.

2.      Plaintiff was born on July 1, 1945 and at all times relevant hereto was a resident of Orion, Oakland County, Michigan.

3.      Defendant Corporation is a Michigan corporation doing business in Oakland County, Michigan.

4.      Defendant Lisa Perry is a resident of or does business in Oakland County, Michigan.

5.      The events giving rise to this cause of action occurred in Oakland County, Michigan.

6.      At all times hereto, Defendants were employers of, and each Defendant was an agent or representative of the other, and are responsible for each others actions or transgressions, by way of direct statutory, vicarious or respondeat superior liability.  Defendant Perry was in a supervisory and decision making position for Defendant Allied Inc. over Plaintiff at all times applicable herein.

7.      The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

## BACKGROUND FACTS

8.      Plaintiff incorporates by reference paragraphs 1 through 7.

9.      Plaintiff Genie Taylor began her employment with Defendants on August 12, 2002.

10. Over the years of her employment with Defendants, Plaintiff served in a variety of positions, beginning as a receptionist, and her last title with the defendant being customer service representative.

11. During her employment with Defendants, Plaintiff received a number of awards and performance-based raises, and has always performed in an outstanding fashion.

12. Plaintiff's work performance was always satisfactory or above; further, Defendants promulgated specific terms, conditions and contractual obligations through their policies, procedures and written documents and oral statements.

13. Beginning in March, 2004 Plaintiff was routinely harassed, abused and discriminated against by Defendants and their agents on the basis of age. Defendants' terminated plaintiff's employ on May 28, 2005.

14. Younger employees were given virtually all of Plaintiff's duties and responsibilities and replaced Plaintiff.

## COUNT I – AGE DISCRIMINATION

15. Plaintiff incorporates by reference paragraphs 1 through 14.

16. At all material times, Plaintiff was an employee, and Defendants his employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2101 et seq., MSA 3.548(101) et seq.

17. Plaintiff's age was at least one factor that made a difference in Defendant's decision to consider, promote, demote, transfer and to discriminate in day to day decisions concerning Plaintiff's job and assignments.

18. Had Plaintiff been a younger person, she would not have been treated differently day to day.

19. Defendants and their agents, intentionally, disparately, in both treatment and impact, directly took Plaintiff's age and seniority detrimentally into

account in making decisions relating to Plaintiff's terms and conditions of his employ, by way of illustration and not limitation, routinely and repeatedly, and openly:

    a. Following an announced plan of age discrimination and harassment, and following a pattern and practice of discriminating against older, more senior employees, Plaintiff in particular, for assignments, duties, jobs, promotions, demotions, and terms and conditions of daily employ;

    b. Performance was never an issue for Plaintiff and in fact Plaintiff was far more qualified than the younger employees.

20. Defendants, through their agents, representatives, and employees, were predisposed to discriminate on the basis of age and acted in accordance with that predisposition, and/or harassed Plaintiff based on age and/or disparately treated Plaintiff based on age and/or there was a disparate outcome based on age.

21. Defendants, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on the unlawful consideration of age.

22. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities or disparate as described above.

23. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

24. Further, Defendants violated many conditions, terms, policies and procedures of their employment relationship with Plaintiff, directly causing the damages herein.

## COUNT II
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

25.    Plaintiff incorporates paragraphs 1-24 as though each were fully stated herein.

26.    Plaintiff has a claim for violation of the FMLA of 1993 (FMLA), 29 U.S.C. § 2601, *et seq.*

27.    Plaintiff is an "eligible employee" as defined by the FMLA.

28.    Defendant Allied, Inc. is an "employer" as defined by the FMLA.

29.    On or about August, 2003 Plaintiff was diagnosed with cancer and thereafter had surgery and subsequent treatment to include chemotherapy treatments, resulting in four weeks of time off over a five month span.

30.    Plaintiff presented the requisite paper work both before and during her medical leave in accordance with Defendant Allied's written leave policies and in accordance with the FMLA.

31.    Further, Plaintiff kept in contact with Defendants the entire time she was off from work.

32.    Plaintiff's physician cleared her to return to work on or about February, 2004 at the completion of her chemotherapy treatments.

33.    In February, 2004, Defendant Lisa Perry informed Plaintiff that her job duties were being taken away and cut plaintiff's hours by approximately ten hours per week.

34.    In failing to restore Plaintiff to her previous position of an equivalent position with equivalent terms and conditions of employment, including but not

limited to benefits and wages, Defendants violated Plaintiff's rights under the FMLA, 29 U.S.C. § 2601 et seq.

35.    As a direct and proximate cause of Defendants' violation of Plaintiff's rights under FMLA and her resulting wrongful discharge, Plaintiff has suffered loss of wages and benefits, loss of earning capacity, loss of employment opportunities, emotional and physical distress, and humiliation and embarrassment.

PLAINTIFF REQUESTS that this honorable court enter judgment against Defendants as follows:

a.  compensatory damages in whatever amount above $25,000 she is found to be entitled;

b.  exemplary damages in whatever amount above $25,000 she is found to be entitled;

c.  an award of lost wages and the value of fringe benefits, past and future;

d.  an award of interest, costs, and reasonable attorney fees;

e.  an order enjoining Defendants, their agents, representatives, and employees from further acts of discrimination or retaliation;

f.  an order reinstating Plaintiff to the position she would have held if Defendant had not discriminated; and

g.  an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

WHEREFORE Plaintiff requests that this Honorable Court award damages against Defendants, in whatever amount she is found to be entitled in excess of $25,000, plus interest, costs, and attorney fees.

Respectfully Submitted,

By:

SCOTT E. COMBS (P37554)
Attorney for Plaintiffs
27780 Novi Rd., Ste. 105
Novi, Michigan 48377
(248) 380-5050

Dated: February 24, 2006

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, by and through her attorney, SCOTT E. COMBS, and hereby demands a trial by jury in the above-captioned matter.

Respectfully Submitted,

By:

SCOTT E. COMBS (P37554)
Attorney for Plaintiffs
27780 Novi Rd., Ste. 105
Novi, Michigan 48377
(248) 380-5050

Dated: February 24, 2006

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,
    Plaintiff,

-vs-

Case No. 06 073095 NZ
HON. RAE LEE CHABOT

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,
    Defendants.

    /

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050

    /

## INTERROGATORY REGARDING CASE CAPTION

NOW COMES Plaintiff by his attorney, SCOTT E. COMBS, and pursuant to the provisions of MCR 2.302(B) and MCR 2.309, submits the following Interrogatory to be answered in writing, separately and under oath, within forty-two (42) days if served with summons and complaint, or twenty-eight (28) days if served thereafter.

1.    Are the Defendants properly identified in this case caption herein? If not, please identify the appropriate corporate name, description or correction spelling of each Defendant.
**ANSWER:**

Respectfully submitted,

    SCOTT E. COMBS (P37554)
    Attorney for Plaintiff
    27780 Novi Road, Suite 105
    Novi, MI 48377
    (248) 380-5050

Dated:  May 3, 2006

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,

     Plaintiff,

-vs-

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,

     Defendants.

         Case No. 06 073095 NZ
         HON. RAE LEE CHABOT

_____/

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050
_____/

## PLAINTIFFS' INTERROGATORIES REGARDING INSURANCE

NOW COMES Plaintiff, by her attorney, SCOTT E. COMBS, and pursuant to the provisions, of MCR 2.302(B) and MCR 2.309, submits the following Interrogatories to be answered in writing, separately and under oath, within forty-two (42) days if served with the summons and complaint, or within twenty-eight (28) days if served thereafter.

The information sought must be given, whether secured by you, your agent, your representative, your attorney, or any other person who has made this knowledge known to you, or from whom you can get this information, and who is competent to testify as to the fact stated.

These Interrogatories shall be deemed continuing and supplemental answers thereto shall be required immediately upon receipt thereof should Defendants obtain further or different information from the time the answers are served to the time of trial.

With respect to each Defendant, please set forth the following:

1.     Pursuant to MCR 2.302, please identify any and all insurance agreements which may cover any of the allegations set for in Plaintiffs' Complaint.   Please identify the individual or company carrying on an insurance business who may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.   Please also identify the applicable policy limits, and any and all additional insurance available, including but not limited to additional policies or umbrella policies.   Please also outline the applicable dates of coverage.

**ANSWER:**

**SCOTT E. COMBS (P37554)**
Attorney for Plaintiff
27780 Novi Road, Ste. 105
Novi, MI  48377
(248) 380-5050

Dated: May 3, 2006

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,

       Plaintiff,

-vs-

                                   Case No. 06 073095 NZ
                                   HON. RAE LEE CHABOT

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,

       Defendants.
_____/

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050
_____/

## PLAINTIFFS' EMPLOYMENT INTERROGATORIES/REQUEST TO PRODUCE TO DEFENDANT

NOW COME Plaintiffs, by and through their attorney, SCOTT E. COMBS, and pursuant to the provisions of MCR 2.302(B) and MCR 2.310, et seq, submits the following Interrogatories/Requests for Production of Documents to be answered in writing, separately and under oath, within twenty-eight (28) days.

This information sought must be given, whether secured by you, your agent, your representative, your attorney or any other person who has made this knowledge known to you, or from whom you can get this information, and who is competent to testify as to the facts stated.

These Interrogatories/Production Requests shall be deemed continuing any supplemental answers there to shall be required immediately upon receipt thereof should Defendants obtain further or different information from the time the answers are served to the time of trial.

**INTERROGATORIES**

1. What is the name and address of each witness Defendant intends to call at trial.

**ANSWER**:

2. Please produce a full and complete copy of Plaintiff's personnel file, and any and all other files or documents kept by Defendant or Defendant's agents concerning Plaintiff. This should also include any investigative files concerning Plaintiff compiled by or at the direction of Defendant or Defendants agents. Also identify by full name and position the individual who conducted the investigation.

**ANSWER**:

3. Please produce any notes, letters, memos, forms or other documents submitted by or on behalf of Defendant(s) to any State, Federal or other governmental agencies concerning Plaintiff or his/her employment with Defendant(s).

**ANSWER**:

4.     Is there an organizational chart that includes Plaintiff's department or unit? If so, please attach a copy to your answers to these Interrogatories. State the time frames applicable. Also, produce all organizational charts since Plaintiff's departure, to present.   These charts should include full names, positions, sex of each individual and their dates of hire.

**ANSWER**:

5.     What was the name and form number of each employment application form used by Defendant:

        a.     At the time of Plaintiff's hire;

        b.     While Plaintiff was employed by Defendant; and

        c.     Currently in use.

Please attach copies of each form to your answers to these Interrogatories.   Please also, as to Plaintiff's employment application with Defendant:

        a.     Produce a complete copy;

        b.     Identify all who reviewed, signed or approved Plaintiff's application;

        c.     Identify any knowledge you have of any false or misleading information you allege is contained on Plaintiff's application, and when Defendant discovered same.

**ANSWER**:

6.      What is the name, job title, and address of each current and former employee who was involved in supervising Plaintiff?

**ANSWER:**

7.      Does Defendant have pension plans in effect for any classes of its employees? If so, please attach copies of the pension plans to the answers to Interrogatories.

**ANSWER:**

8.      Do you allege you have, at any time present, even after filing of this complaint, discovered any misconduct on Plaintiff's part which would or could have led to discipline and/or dismissal? If so, please identify what and when such misconduct occurred, witnesses to same, documents which reflect same (and produce them), who discovered the misconduct, how, when and what

discipline would have been taken if discovered, and what policy or rule was violated.

**ANSWER**:

9.     Does Defendant have any profit sharing plans in effect for any classes of employees?     If so, please attach those to your answers to Interrogatories.

**ANSWER**:

10.     Please state each type of compensation, fringe benefit, or other prerequisite to which Plaintiff or an employee in Plaintiff's position would have been entitled at the time of Plaintiff's termination.  Also, identify all forms of compensation or benefit which has been received by any individual who has assumed any of Plaintiff's duties and responsibilities from date of Plaintiff's departure to the present.

**ANSWER**:

11.    Did any insurance plan cover Plaintiff during his/her tenure?  If so, please provide copies of those insurance plans.

**ANSWER**:




12.    For each employee, including but not limited to Plaintiff, who was terminated or resigned at the express or implied request of Defendant within the last five years, please state:

        a.    The employees name and address;

        b.    The reasons for the employees termination or forced resignation;

        c.    Whether the employee received any severance pay or any compensation beyond the employees regular compensation at or near the time of termination of thereafter; and

        d.    Whether the employee filed any legal actions against Defendant because of the termination and, if so, the name of the Court or administrative body and the case number or other identifying symbol for the legal action.

**ANSWER**:

13. What is the name and address of each office of Defendant where personnel records on Plaintiff are kept?

**ANSWER**:

14. Do any personnel policies or other policy manuals exist for any classes of employee? If so, please identify when and to whom the policy or manual was distributed. Please attach copies of any and all policies and manuals to these responses.

**ANSWER**:

15. Were there any personnel policies, work rules, guidelines, operating procedures or manuals or policy manuals that applied to Plaintiff's class of employees at the time while Plaintiff was employed? Please attach copies of all such policies, whether or not currently in effect.

**ANSWER**:

16.     Were Plaintiff's salary increases based on a salary schedule?   If so, please attach a copy to the answers to Interrogatories.

**ANSWER**:

17.     Were some or all of Plaintiff's salary increases merit increases?   If so, described the factors involved in determining the increase and its amount.

**ANSWER**:

18.     What are the names and addresses of all persons known to Defendant who have personal knowledge of the incidents that are alleged as the basis for Plaintiff's departure?   Please also identify in full the facts and information each individual has or can testify to as to Plaintiff(s) departure.

**ANSWER**:

19.    Please identify why you feel Plaintiff was either terminated or chose to depart employment.  If terminated, please identify any decision makers and identify and produce all bases (written or other) for termination.

**ANSWER**:

20.    Is another employee performing the job duties that had been performed by Plaintiff?  If so, please:

      a.    The name and address of the employee;

      b.    The age, sex, race, date of hire and educational background of the employee;

      c.    The total compensation of the employee;

      d.    The performance of the employee since he/she was placed in the Plaintiff's former position compared to Plaintiff's work performance; and

      e.    Please identify the distinguishing qualifications, work performance or other distinguishing work features of those who replaced Plaintiff(s), and produce any documents which support the distinguishing features.

**ANSWER**:

21.    What is the factual basis for every affirmative defense raised by Defendant in its answer?

**ANSWER**:

22.    If it is your contention that Plaintiff in any way lacked the qualifications to continue working with Defendant at the time of his/her departure, please indicate what qualifications were lacked, how, and what additional requirements were necessary.

**ANSWER**:

23.    Identify the person(s) responsible for preparing the answers to these Interrogatories and, if more than one person was involved, who was responsible for which Interrogatories.

**ANSWER**:

24.    If Defendants had Plaintiff examined by a physician and/or mental health professional before or during employ, please produce all reports of same or letters, memos, or other documents related to same.

**ANSWER:**

25.    Did any medical, physical or mental condition have any input or bearing on Defendant's decisions concerning Plaintiff's employment terms or conditions? If so, please explain in detail.

**ANSWER:**

26.    If any of Defendants or Defendants' agents have had any contact with a subsequent or potential employer of Plaintiff (since Plaintiff has departed Defendants' employ) please identify by whom, when, who at Defendants' place of business responded, and state in detail all information supplied by Defendants.

**ANSWER:**

27. If there was a seniority system or other ranking system in place for Plaintiff and other employees, please produce a list of summary of same.

**ANSWER**:

28. If Plaintiff was terminated, demoted, laid off or otherwise discharged, please state:

       a.    Who were the decision makers;

       b.    When the decision was made;

       c.    When Plaintiff was informed of the decision;

       d.    The basis for the decision;

       e.    What written or oral policies were violated leading to the decision;

       f.    What opportunities for improvement and/or correction Plaintiff was allowed and why;

       g.    Produce all documents related to or which support the decisions; and

       h.    If an alleged economic cutback occurred, please produce the documentation supporting same.

**ANSWER**:

29.    If any collective bargaining agreements were applicable to Plaintiff, please produce.

30.    Did Defendants post any notices or policies regarding the prohibition of discrimination in employment or internal procedures for handling disputes? If so:

   a.    Produce all positing or policies;
   b.    Identify where they were posted, and when, if applicable, disturbed and/or made available for Plaintiff and other employees;
   c.    When the policy was in effect; and
   d.    How it was implemented with Plaintiff.

**ANSWER**:

31.    Did Defendants have a policy of following certain procedures in disciplining, terminating or demoting employees? If so:

   a.    Please produce it and identify when it applied to Plaintiff;
   b.    Was the procedure followed for Plaintiff? If so, how and when. If not, why not; and
   c.    Please identify or produce documents reflective of any steps Defendants' took in relation to Plaintiff.

Respectfully submitted,

_____
SCOTT E. COMBS (P37554)
Attorney for Plaintiffs
27780 Novi Road, Suite 105
Novi, MI   48377
(248) 380-5050

Dated: May 3, 2006

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,

     Plaintiff,

-vs-

                                    Case No. 06 073095 NZ
                                    HON. RAE LEE CHABOT

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,

     Defendants.

_____/

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050
_____/

## INTERROGATORIES REGARDING POTENTIAL WITNESSES

     NOW COME Plaintiffs by and through their attorney, SCOTT E. COMBS, and pursuant to the provisions of MCR 2.302(B) and MCR 2.309, submits the following Interrogatories to be answered in writing, separately and under oath, within forty-two (42) days if served with the summons and complaint, or within twenty-eight (28) days if served thereafter.

     The information sought must be given, whether secured by you, your agent, your representative, your attorney or any other person who has made this knowledge known to you, or from whom you can get this information, and who is competent to testify as to the facts stated.

     These Interrogatories shall be deemed continuing and supplemental answers thereto shall be required immediately upon receipt thereof should Defendants obtain further or different information from the time the answers are served to the time of trial.

1.    For any witnesses you intend to call at the time of trial, or any and all witnesses identified on your Witness List or Pretrial Statement/Order, please:

        a.    List full name and last known address;

        b.    Identify any relationship, personal and/or professional, of witnesses to Defendant or Defendant's agents;

        c.    Identify in detail the expected testimony of each witness;

        d.    Identify when, how and by whom each witness was contacted;

        e.    Identify and produce any written statements, affidavits or documents authorized and/or signed by the witness in relation to their testimony;

        f.    Identify any materials, pleadings, records or other documents which have been provided to each potential witness for their review;

        g.    Will witness testify live at trial or through deposition?

        h.    Produce any documents the witnesses will rely on to testify.

**ANSWER:**

2.    Please produce copies of all documents the witness(es) intend to rely upon for testimony.

**ANSWER**:

Respectfully Submitted,

SCOTT E. COMBS (P 37554)
Attorney for Plaintiffs
27780 Novi Road, Suite 105
Novi MI 48377
(248) 380-5050

Dated:        May 3, 2006

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,

      Plaintiff,

-vs-
                              Case No. 06 073095 NZ
                              HON. RAE LEE CHABOT

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,

      Defendants.

_____/

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050

_____/

### EXPERT INTERROGATORIES

      NOW COME Plaintiffs by and through their attorney, SCOTT E. COMBS, and pursuant to the provisions of MCR 2.302(B) and 2.309, submits the following Interrogatories to be answered in writing, separately and under oath, within forty-two (42) days if served with the summons and complaint, or within 28 days if served thereafter.

      The information sought must be given, whether secured by you, your agent, your representative, your attorney or any other person who has made this knowledge known to you, or from whom you can get this information, and who is competent to testify as to the facts stated.

      These Interrogatories shall be deemed continuing and supplemental answers thereto shall be required immediately upon receipt thereof should Defendant(s) obtain further or different information from the time the answers are served to the time of trial.

      1.    With respect to any expert Defendants intend to use at the time of trial, please answer the following questions:

a. Full name, business address, telephone number and social security number;

b. His or her complete educational background, including all educational institutions attended after high school, degrees held, dates and the institutions from which degrees were conferred;

c. Please list any memberships of this individual in professional associations or organizations;

d. Please list whether this individual is board certified, board qualified, licensed or otherwise certified in any area of specialty;

e. The titles and citations of any and all published articles authored or co-authored by the expert;

f. State the name and address of all employers of the expert since he attained his highest professional degree and list the dates of each employment;

g. Please provide a copy of the expert's Curriculum Vitae or resume;

h. Date first contacted, how, by who, what purpose.

i. Identify all information provided for review, including but not limited to documents, tapes, pleadings, notes, texts, summaries, or    any other materials.   Also identify all the experts that you will rely   on at trial or de bene esse deposition;

j. Produce copies of any exhibits or demonstrative materials the expert will rely on to testify.


**ANSWER:**

      2.      With respect to each expert, please state the subject matter or area as to which he will testify.  Please provide each opinion the expert will offer at the time of trial.

**ANSWER**:

      3.      With respect to each expert, please state:

        a.      The substance of the facts and opinions on which he is to testify;

        b.      A summary of the grounds for each opinion of this expert;

        c.      His experience in the area of similar or comparable occurrences, injuries, illnesses or disabilities.

**ANSWER**:

      4.      Please state whether each expert has rendered a written report, and if so, for each such report, please state:

    a.      The author and date of said report;

    b.      To whom it was addressed;

    c.      The name and address of the person who currently has possession of said report;

    d.      The contents of any such report;

    e.      Will you attach herewith a copy of any and all such reports without a formal filing of a Motion to Produce?  If so, please provide.

**ANSWER**:

    5.      With respect to each expert, please give a complete bibliography of books, treatises, articles and other works which such witness regards as authoritative on the subject on which such person shall testify.

**ANSWER**:

    6.      Identify the number of times:

    a.      Expert has been retained for review or testimony in a legal matter,

    b.      Expert has testified by way of deposition or live in a legal matter.

c.     Expert has been retained by defense counsel's firm or attorneys to review or testify as an expert.

d.     Expert has been retained by a Plaintiff or Plaintiff's attorney to serve as an expert, and whether she/he has ever testified as such.

e.     Expert has been a Defendant in a lawsuit.

**ANSWER:**

7.     Do you plan on calling the expert live at time of trial?

**ANSWER:**

Respectfully submitted,

_____

**SCOTT E. COMBS (P37554)**
Attorney for Plaintiff
27780 Novi Road, Ste. 105
Novi, MI  48377
(248) 380-5050

DATED:  May 3, 2006

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,

     Plaintiff,

-vs-                           Case No. 06 073095 NZ
                                 HON. RAE LEE CHABOT

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,

     Defendants.

_____/

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050

_____/

## INTERROGATORIES REGARDING DEFENDANT'S
## AFFIRMATIVE AND SPECIAL DEFENSES

     NOW COME(S) Plaintiff(s), by and through their/his/her attorney, SCOTT E.
COMBS, and pursuant to the provisions of MCR 2.309, *et seq.*, submit the following
Interrogatories to be answered in writing, separately and under oath, within twenty-eight
(28) days.

     The information sought must be given, whether secured by you, your agent, your
representative, your attorney or any other person who has made this knowledge known to
you, or from whom you can get this information, and who is competent to testify as to the
facts stated.

     These Interrogatories shall be deemed continuing and supplemental answers
thereto shall be required immediately upon receipt thereof should Defendants obtain
further or different information from the time the answers are served to the time of trial.

1.    With respect to each Affirmative/Special Defenses as set forth in Defendants' responsive pleadings, in the above-captioned matter, please provide the following information:


A.    The individual who made a good faith inquiry as to the applicability of said Affirmative/Special Defense;

**ANSWER:**




B.    The grounds upon which you believe the assertion of the Affirmative/Special Defense is well taken and warranted by existing law;

**ANSWER:**




C.    The names, address and occupation of any and all witnesses you intend to call in support of any Affirmative/Special Defense as set forth in Defendants responsive pleadings:

**ANSWER:**

Respectfully submitted,

_____
**SCOTT E. COMBS (P37554)**
Attorney for Plaintiff(s)
27780 Novi Road, Suite 105
Novi, Michigan  48377
(248) 380-5050

DATED:  May 3, 2006

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GENIE TAYLOR,

      Plaintiff,

-vs-                            Case No. 06 073095 NZ
                                       HON. RAE LEE CHABOT

GREAT LAKES WASTE SERVICES
d/b/a ALLIED, INC., and LISA PERRY,

      Defendants.

_____/

SCOTT E. COMBS (P37554)
Attorney for Plaintiff
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050

_____/

## NOTICE OF TAKING DEPOSITIONS DUCES TECUM

**PLEASE TAKE NOTICE** that Plaintiff will take the following depositions at

the offices of Scott E. Combs, 27780 Novi Road, Suite 105, Novi, MI 48377, in

accordance with the Michigan Court Rules, on the following dates and times:

               DEPONENT:      Representative of Defendant, Allied
               DATE:             Monday, July 3, 2006
               TIME:             10:00 a.m.

               DEPONENT:      Lisa Perry
               DATE:             Monday, July 3, 2006
                TIME:             11:00 a.m.

Said depositions are to continue until completed. Plaintiff demands that said

deponents (each and every one) produce the following documents and things at the time

of their scheduled deposition: all files, reports, notes, records, papers, correspondence,

memoranda, statements, investigative materials, photographs, documents, etc. regarding

any claim and/or defenses relative to the above-captioned matter.

Respectfully submitted,

_____

**SCOTT E. COMBS (P 37554)**
Attorney for Plaintiffs
27780 Novi Road, Suite 105
Novi, Michigan 48377
(248) 380-5050

Date:   May 3, 2006

## PROOF OF SERVICE

The undersigned certifies that the above document was served on all
parties hereto through their respective counsel on 5/3/06 via first
class mail.

_____
ELAINE R. LOVDAHL

**CIVIL COVER SHEET**    County in which this action arose    Oakland County

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Genie Taylor

### DEFENDANTS
BFI Waste Systems of North America, Inc.

**(b)** County of Residence of First Listed Plaintiff    Oakland
(EXCEPT IN U.S. PLAINTIFF CASES)

26125

County of Residence of First Listed Defendant    N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott E. Combs, Law Offices of Scott E.Combs, 27780 Novi, Rd., Suite 105, Novi, MI
48377 (248) 380-5050

Attorneys (If Known)
John A. Libby, Law Offices of John A. Libby, P>C., 3150 Livernois, Suite 118,
Troy, MI 48083 (248) 619-1734

## II. BASIS OF JURISDICTION    (Select One Box Only)

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff
(For Diversity Cases Only)

Citizen of

Case: 2:06-cv-12312
Assigned To: Friedman, Bernard A
Referral Judge: Majzoub, Mona K
Filed: 05-22-2006 At 03:04 PM
REM TAYLOR V. BFI WASTE SYSTEMS OF
N. AMERICA (TAM)

Citizen of

Citizen or
Foreign

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination Under |
| | Employment | ☐ 550 Civil Rights | | | Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Select One Box Only)

☐ 1  Original
       Proceeding

☒ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Plaintiff has sued defendants for violation of Family and Medical Leave Act 29 USC 2601 et seq
Brief description of cause:
See above

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):     JUDGE                          DOCKET NUMBER

DATE
May 21, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which　☑ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :