UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENIE TAYLOR,

        Plaintiff,        CIVIL ACTION NO. 06-CV-12312-DT

  VS.        DISTRICT JUDGE BERNARD A. FRIEDMAN

GREAT LAKES WASTE        MAGISTRATE JUDGE MONA K. MAJZOUB
SERVS., et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS FOR ADMISSIONS AND FINDING WITHDRAWN DEFENDANTS' MOTION TO COMPEL PRODUCTION OF JOURNAL**

This matter comes before the Court on two motions of Defendants filed on December 5, 2006. The first motion is Defendants' Motion to Determine Sufficiency of Responses to Requests for Admissions. (Docket no. 17). The second motion is Defendants' Motion to Compel Production of Journal. (Docket no. 18). Plaintiff has responded to both of these motions. (Docket no. 23). This Court heard argument on January 30, 2007 from Plaintiff's counsel, Mr. Combs, and Defendants' counsel, Mr. Libby. All pretrial matters have been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 15). These matters are therefore ready for ruling.

**I.    FACTS**

This is an employment discrimination action in which Plaintiff claims that Defendants, her company employer and Plaintiff's former supervisor, violated the Family and Medical Leave Act (FMLA) and a state age discrimination statute. Defendants removed the case from state court in May 2006. (Docket no. 1). Defendants served upon Plaintiff 297 requests for admission. (Docket

no. 17, ex. A).  At the same time, Defendants served an interrogatory requiring that Plaintiff state for each of those requests not unequivocally admitted all facts which support the failure to admit, identify all persons with knowledge of those facts, and identify all documents which support the failure to admit.  *Id*.  Defendants also at the same time served a request for production covering all documents identified in the response to the interrogatory.  *Id*.

Plaintiff served her responses on June 26, 2006.  (*Id*., ex. B).  The requests were therefore served before this date.  Plaintiff objected based on the discovery requests being premature because the parties had neither conducted a Fed. R. Civ. P. 26(f) conference nor made their initial disclosures.  *Id*.  Plaintiff also objected on the grounds that the requests were unduly burdensome and oppressive and violate Fed. R. Civ. P. 36.  *Id*.

Defendants have deposed Plaintiff.  Defendants' counsel said during the January 30 hearing that Defendants had served 300 interrogatories.  During her deposition Plaintiff revealed that she had written a journal detailing some events that occurred at work from October 2003 (when she returned from FMLA leave) through 2004.  (Docket no. 18, ex. 1).  When Defendants' counsel questioned her about this journal, Plaintiff's counsel objected and asserted that the journal was protected by the attorney-client privilege.  Defendants have now moved to compel production of the journal.  Plaintiff has disclosed the journal to Defendants' counsel for purposes of discovery under a protective order, but Plaintiff declined to waive her objection to the subsequent use of the journal. During her deposition, Plaintiff testified that she gave pages of her journal to her supervisor, Ron Baker, who investigated her complaints about the workplace and her supervisor.  *Id*.  She also testified that she did not hire an attorney until around July 2005, and that she did not have an attorney at any time she was preparing her journal.  *Id*.

**II.     LEGAL STANDARD**

Requests for admissions should not be directed toward conclusions of law. *In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) (citing *Fidelity Trust Co. v. Stickney*, 129 F.2d 506 (7th Cir. 1942)).  Also, a request for admission as to a central fact in dispute is beyond the proper scope of normal discovery. *Id.* (citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390 (5th Cir. 1969)).

**III.    ANALYSIS**

*A.     Motion to Determine Sufficiency of Responses*

The first unresolved issue raised by the parties is whether Plaintiff should be ordered to respond to Defendants' requests for admission, interrogatory, and request for production of documents.  Defendants' motion to compel will be denied for several reasons.

First, Defendants served these discovery requests prematurely.  The Federal Rules of Civil Procedure are clear that such requests and interrogatories should not be served before the time specified in Rule 26(d) which is generally before the parties have conferred pursuant to Rule 26(f). In the present case, the parties conferred on July 6, 2006.  (Docket nos. 9-10).  Defendants served these discovery requests some time before June 26, 2006 when Plaintiff served her responses. Therefore, because there was no court order or stipulation allowing the early service of these discovery requests, they violate Fed. R. Civ. P. 36(a), 34(b) and 33(a).

Defendants argue that Plaintiff should have amended or supplemented her responses after the parties conferred under Rule 26(f). (Docket no. 17 at 4).  However, they provide no authority for such a proposition.  The Court rejects such an interpretation of Fed. R. Civ. P. 26(e).  That rule

3

requires supplementation from a party who has made a disclosure. This is different from one who has objected to the request as Plaintiff did here.

In addition to being premature, Defendants' discovery requests place an undue burden on Plaintiff and are oppressive. Defendant served 297 requests for admission. Although the federal rules do not limit the number of requests that a party may serve, many courts have limited by local rule the number to 25 per party. *See Oklahoma ex. rel. Edmondson v. Tyson Foods, Inc.*, 2007 WL 54831 (N.D. Okla. Jan. 5, 2007) (noting local rule limits requests for admission to 25 per party); *Estate of Manship v. United States*, 232 F.R.D. 552 (M.D. La. Dec. 8, 2005) (requests for admission limited to 25 per local rule). In addition, the Court is mindful that the federal rules limit the number of interrogatories that a party may serve to 25 per party. Fed. R. Civ. P. 33(a). In light of the number of requests generally found to be acceptable in an uncomplicated case such as this one, the Court finds 297 requests for admission to be oppressive and unduly burdensome. Defendants' requests therefore violate Fed. R. Civ. P. 26(c).

Finally, many of Defendants' requests for admission are improper because they call for legal conclusions or for admission of central facts that are in dispute. *See In re Olympia Holding Corp.*, 189 B.R. at 853. For example, Request no. 52 requests that Plaintiff admit that Defendant did not take Plaintiff's age in to account when it changed her position. Similarly, Request no. 60 requests that Plaintiff admit that Defendant did not violate Plaintiff's rights by granting her FMLA protected leave.

For all of these reasons, Defendants' discovery requests are improper and in violation of the Federal Rules of Civil Procedure. Defendants' motion to compel Plaintiff to respond to these requests will therefore be denied.

4

At the January 30, 2007 hearing, the Court instructed counsel that it would allow Defendants to serve a second set of requests for admission. The number of requests will be limited to 25 per party. If Defendants find that this number is insufficient, they may file a motion and the Court will consider it. The parties expressed during the hearing a willingness to extend the current discovery deadlines, but the Court makes no ruling on this request.

  B.  *Motion to Compel Plaintiff's Journal*

The last unresolved issue is whether Plaintiff should have to produce her journal. (Docket no. 18). Because she has already produced the journal for purposes of discovery, the request is for the Court to determine whether the attorney-client privilege applies to it so as to shield it from use later in this action. At the hearing held on January 30, 2007 counsel for Plaintiff agreed to no longer assert that the privilege applied to Plaintiff's journal. The parties may accordingly use this journal for all purposes in this case. Therefore, the Court finds this issue to be withdrawn pursuant to an agreement by the parties.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Determine Sufficiency of Responses (docket no. 17) is **DENIED** without prejudice to Defendants serving a second set of requests for admission limited to 25 per party.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Production of Journal (docket no. 18) is **WITHDRAWN** pursuant to an agreement of the parties.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 02, 2007     s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Date: February 02, 2007     s/ Lisa C. Bartlett
                                              Courtroom Deputy